**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BOARDS OF TRUSTEES OF THE OHIO**
**LABORERS' FRINGE BENEFIT PROGRAMS,**

        **Plaintiffs,**

    **v.**
                                      **Civil Action 2:16-cv-192**
                                        **Judge Algenon L. Marbley**
                                        **Magistrate Judge Jolson**

**EYLER ASBESTOS, LLC,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

        This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed to certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185.  Defendant Eyler Asbestos, LLC was served with a summons and a copy of the complaint on March 8, 2016 (Doc. 4), but has failed to plead or otherwise defend this action.  Plaintiffs applied to the Clerk for entry of default (Doc. 5), and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on March 30, 2016 (Doc. 6).  This matter is now before the Court on Plaintiffs' Motion for Default Judgment (Doc. 7), seeking default judgment against Defendant.

        Plaintiffs have established that Defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which Defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union.  (Doc. 7, Ex. A, B).  The affidavit of Plaintiffs' Contractor Relations Manager establishes that Defendant owes $29,727.33 in unpaid fringe

benefit contributions for the period January, 2015 through December, 2015.  *Id*., Ex. A at 2, ¶ 3, Ex. C.  Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions.  29 U.S.C. § 1132(g)(2); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376, 388–89 (6th Cir. 1991).

Plaintiffs seek an award of attorney's fees in the amount of $1,785.00, for seven hours billed at the rate of $255.00 per hour. (Doc. 7, Ex. D).  Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.

Plaintiffs are therefore entitled to judgment in the amount of $29,727.33 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $1,785.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 7) be **GRANTED**.  It is further **RECOMMENDED** that the Clerk enter judgment against Defendant Eyler Asbestos, LLC, and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Eyler Asbestos, LLC the sum of Twenty-Nine Thousand Seven Hundred Twenty-Seven Dollars and Thirty-Three Cents ($29,727.33), including unpaid fringe benefit contributions through December, 2015, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of One Thousand Seven Hundred Eighty-Five Dollars and No Cents ($1,785.00), plus interest from the date of judgment at the rate of one percent (1%) per month.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C.

§ 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: April 26, 2016                                      /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE